UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COURTNEY BENSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-300-TLS-JEM |
| TUCKER, et al., | |
| Defendants. | |

**OPINION AND ORDER**

Before the court is a complaint filed by Courtney Benson, a prisoner without a lawyer. (ECF 1.) Upon review, the complaint is 132 pages with attachments and names 40 defendants, including the former Governor of Indiana, an unnamed Indiana state representative, the Mayor of South Bend, police officers, prosecutors, judges, and others. He makes sweeping allegations of wrongdoing by these individuals pertaining to alleged false arrests, wrongful prosecutions, falsification of records, and other matters occurring in Allen County.

Federal Rule of Civil Procedure 8 requires a complaint to be "presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a claim. *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990); *see United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (holding that Rule 8 "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud"). Even giving the complaint liberal construction, it does not meet this standard. Sometimes it is possible for the court to simply disregard extraneous detail contained in an overlength complaint, but the way Benson has drafted the complaint is unworkable. *See Garst*, 328 F.3d at 378 ("Length may make a complaint

unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter.").

Additionally, the complaint appears to contain unrelated claims against unrelated defendants pertaining to arrests, criminal cases, search warrants, and other events that occurred in Allen County. Prisoners cannot combine unrelated claims against unrelated defendants in one lawsuit. *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).[1] As the Seventh Circuit has explained:

> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner.

*George*, 507 F.3d at 607. In other words, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.* The Seventh Circuit has urged district courts to be alert to this issue to "ensure manageable litigation" and to prevent prisoners from avoiding the provisions of the Prison Litigation Reform Act, including the filing fee and three-strikes provisions. *Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021).

Therefore, the complaint will be stricken. Benson must decide which related claims he wants to pursue in this case. *See Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (explaining that district courts may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants"). He should obtain another blank **<u>Pro Se 14 (INND Rev. 2/20) Prisoner Complaint</u>** form from the jail law library, put this case number on it, complete all the questions on the form to the best of his ability, and **briefly** summarize the

---

[1] If Benson is claiming there is a vast conspiracy among these 40 individuals to violate his rights, the court does not find this a plausible basis for linking his disparate claims together. *See Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009).

facts supporting his claim against each defendant. He should limit the narrative section to five pages unless greater length is unavoidable. He does not need to submit evidence or include every background fact in his amended complaint.

Along with his complaint Benson filed two motions. (ECF 3, 4.) He appears to ask in his first motion that he be allowed to litigate on behalf of other individuals. (ECF 3.) However, he cannot proceed on behalf of other individuals in federal court because there is no indication he is a licensed attorney. *See Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010).

Alternatively, he may be asking to join this case with a case brought by another inmate-plaintiff. Under Federal Rule of Civil Procedure 20(a)(1), "persons may join in one action as plaintiffs" if their claims arise out of the same transaction or occurrence, and their claims involve some common question of law or fact. Fed. R. Civ. P. 20(a)(1)(A)–(B). The court has "considerable discretion" to decide whether joinder is appropriate. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018). Here, it would be inappropriate for the court to consider the issue of joinder, because Benson has not yet filed a complaint that satisfies pleading standards. Without knowing what related claim or claims he will assert in his amended complaint and whether they pass screening under 28 U.S.C. § 1915A, the court cannot determine whether joinder with another case might be appropriate.[2] His motion will be denied.

His other motion is labeled, "Motion to Except Entered Exhibits that Show Truth and Facts in Each Violational [sic] Claim Brought Forth Against Defendants In The Code of Silence." (ECF 4.) It appears from this and a "probable cause" affidavit (ECF 5) that he is trying to initiate criminal charges against one or more defendants. If that is his intent, he has no

---

[2] It is not entirely clear which case or cases Benson seeks to "join," but he may be referencing a group of cases brought by detainees at the Allen County Jail in recent months, some of which are now closed. *See, e.g., Berry v. Tucker, et al.,* No. 1:25-CV-295-GSL-JEM (N.D. Ind closed Aug. 28, 2025). Aside from the problems outlined above, it would be inappropriate to join this case with a case that is already closed.

authority to initiate criminal charges against anyone. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *United States v. Palumbo Bros., Inc.*, 145 F.3d 850, 865 (7th Cir. 1998) (observing that federal criminal prosecution is "an executive function within the exclusive prerogative of the Attorney General"). If he is trying to submit additional evidence in support of his complaint, he is not required to submit evidence at this stage and his filing is likely to cause unnecessary confusion. His motion will be denied.

For these reasons, the court:

(1) STRIKES the complaint (ECF 1) without requiring the clerk to seal it on the docket;

(2) DENIES the plaintiff's motions (ECF 3, 4);

(3) GRANTS the plaintiff until **October 17, 2025**, to file an amended complaint as outlined in this order; and

(4) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal without further notice for lack of prosecution.

SO ORDERED on September 26, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
